# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK EDWARD GUY,<br><br>  Plaintiff,<br><br>  v.<br><br>JERRY BROWN, et al.,<br><br>  Defendants. | Case No. 1:17-cv-01408-LJO-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE LODGED AMENDED COMPLAINT<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION AS TIME-BARRED<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Patrick Edward Guy ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff initiated this action on October 19, 2017, while a pretrial detainee incarcerated in the Fresno County Jail. (ECF No. 1.)

Before the Court could screen Plaintiff's initial complaint pursuant to 28 U.S.C. § 1915A, Plaintiff filed an unsigned first amended complaint on December 29, 2017, and lodged an amended complaint on January 16, 2018. (ECF Nos. 8, 9.) As an unsigned complaint may not be considered by the Court, and because, at this stage in the proceedings, Plaintiff may amend his complaint once as a matter of course, the Clerk of the Court shall be directed to file Plaintiff's amended complaint lodged on January 16, 2018 (ECF No. 9). Fed. R. Civ. P. 11(a) (all filed pleadings must be signed by unrepresented party); Fed. R. Civ. P. 15(a). In the interest

of judicial economy, the Court now turns to screening of the amended complaint originally lodged on January 16, 2018.

**Findings and Recommendations**

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Allegations in Amended Complaint**

Plaintiff is currently incarcerated at Wasco State Prison. Plaintiff's claims stem from the housing conditions in the Fresno County North Jail Annex.

Plaintiff alleges that in 1994, an injunction was granted, but it failed to meet the minimum standards for local detention facilities as set forth by Title 24 and violates California Building Code. Plaintiff contends that Defendant Margaret Mims and the Fresno County Jail have been operating the North Annex Jail 2nd floor, along with the 3rd, 4th and 5th floors using the injunction. However, Plaintiff asserts that Title 24 states that dormitories should be designed for no more than 64 inmates and no fewer than four inmates, toilets and urinals must be provided in a ratio to inmates of 1:10, wash basins must be provided in a ratio to inmates of 1:10, and showers must be available to all inmates on a ratio of at least one shower to every 20 inmates.

On October 1, 2011, Plaintiff was moved to the Fresno County North Jail, Fourth Floor, B Pod. Plaintiff contends that each pod on the floor has the capability of housing 72 inmates and has been at capacity virtually every day since. However, the pod includes only four toilets, two urinals, six wash basins and three showers. Plaintiff further contends that the housing conditions do not meet the minimum standards for a local detention facility as set forth in Title 24 and the California Building Code. Plaintiff asserts that with the amenities provided, each dorm could only safely house 60 inmates.

Plaintiff also alleges that Defendant Mims is tasked with enforcing state and federal laws, and despite being notified of the inadequate housing situation, Defendant Mims and the Fresno County Jail knowingly, willingly, maliciously and for monetary gain, with deliberate indifference to the inmate population's health and safety, continue to ignore the overcrowding in the North Annex Jail. Plaintiff further alleges that Governor Jerry Brown budgeted and allocated funds to the Fresno County Board of Supervisors, which allocates funds to the Fresno County Counsel and to Margaret Mims and the Fresno County Jail.

In 1994, Fresno County Counsel met with the Fresno County Board of Supervisors, as well as Sheriff Steve Magarian, and conspired to deceive Magistrate Judge Gregory Hollows by knowingly submitting a federal injunction that was enacted by Fresno County Counsel and failed

to meet the requirements set forth in Title 24 and the California Building Code.

Plaintiff contends that as a pre-trial detainee, he is forced to live in the overcrowded conditions and is subject to threats, violence, theft, serious harm and unreasonable risk. Additionally, Plaintiff alleges that the lack of cleaning products to support the various inmates was impeded, resulting in black mold and Plaintiff contracting numerous illnesses, such as staph, foot fungus, respiratory infection and flu. Plaintiff further alleges that as a result of the overcrowding, the food is being watered down and they are not receiving the proper amount of calories to support a full grown adult.

On March 15, 2017, Plaintiff submitted a grievance regarding Title 24. On March 30, 2017, Plaintiff received a response from Sergeant J. Vital, which stated that Plaintiff's grievance was not sustained.

On March 31, 2017, Plaintiff submitted an inmate grievance appeal form. In response, Plaintiff received a paper from Captain S. McComas, who answered for Captain J. Horton, stating that an investigation into Fresno County Jail's compliance with Title 24 was completed by Sergeant J. Vital, and based on that investigation there was no instance where the Fresno County Jail was out of compliance with Title 24. Plaintiff asserts that if either of them had read the 1994 injunction, then they would have seen that it has listed housing conditions only for the North Annex Jail 2nd floor, but not the 3rd, 4th, and 5th floors. Plaintiff further argues that the injunction is illegal and fails to meet the minimum standards set forth by Title 24 and the California Building Code.

Plaintiff alleges that "[t]hey were first notified of this issue back in 2011 or 2012 when I previously grievance the overcrowding and Title 24." (ECF No. 9 at 6.) Plaintiff further alleges that the Fresno County Jail has been using the illegal federal injunction for the North Annex Jail for 24 years and they have never tried to remedy or resolve the overcrowding situation.

Plaintiff seeks monetary damages and injunctive relief.

**III.   Discussion**

Plaintiff's amended complaint fails to state timely federal claims and should be dismissed. A time-barred claim may be dismissed at the screening stage when expiration of the

4

applicable statute of limitations is apparent on the face of the complaint. *See Belanus v. Clark*, 796 F.3d 1021, 1024-27 (9th Cir. 2015); *see also Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint"); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir.1993) (claim may be dismissed under 12(b)(6) for failure to state a claim on the ground that it is barred by the statute of limitations "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927; *Maldonado*, 370 F.3d at 954-55.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); *Maldonado*, 370 F.3d at 955; *Fink*, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. *Jones*, 393 F.3d at 927. California law provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink*, 192 F.3d at 916 (citation and quotation marks omitted); *see also Addison v. State of California*, 21 Cal.3d 313, 319 (1978)

(citations omitted).

Here, it is apparent from the face of Plaintiff's amended complaint that his federal claims predicated on the housing conditions at the North Annex Jail are time-barred. Any claims in this action accrued as early as October 1, 2011, the date on which Plaintiff alleges that he was housed in the North Annex Jail, but no later than 2012, when he reportedly submitted a grievance to jail officials regarding overcrowding and Title 24. The initial complaint in this action was entered into the Court's docket on October 19, 2017, more than six years after Plaintiff's assignment to the North County Jail Annex, and nearly 5 years after the expiration of the statute of limitations. (ECF No. 1.)

Additionally, the amended complaint does not plausibly allege that Plaintiff would be entitled to equitable tolling. In his amended complaint, Plaintiff admits that he initially submitted a grievance to jail officials in 2011 or 2012 regarding the claims at issue here, and it is apparent that he did not pursue his claims in this court until 2017. Plaintiff has not met the conditions necessary to invoke the doctrine of equitable tolling. Although Defendants had initial notice of the claims, it is not reasonable to conclude that Defendants had *timely* notice between 2012 and 2016 that Plaintiff still intended to pursue those claims. It also is not reasonable to conclude that Plaintiff's failure to pursue such claims within that four-year period was reasonable and/or in good faith or that Defendants would not be significantly prejudiced by having to defend the otherwise barred claims. *Fink*, 192 F.3d at 916. *Ervin v. Los Angeles Cty.*, 848 F.2d 1018, 1020 (delay of year and a half in filing federal civil rights claim was neither reasonable nor in good faith). Thus, the amended complaint reflects that the applicable statute of limitations on Plaintiff's federal claims expired well before Plaintiff filed this action in 2017.

To the extent Plaintiff is attempting pursue state law claims, those claims fare no better. As an initial matter, under California law, the Government Claims Act requires exhaustion of those claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208–09 (Cal. 2007); *State v. Superior Court of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1239 (Cal. 2004); *Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs.*, 237

F.3d 1101, 1111 (9th Cir. 2001); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has failed to allege compliance with the Government Claims Act.

Furthermore, the Court generally declines to exercise supplemental jurisdiction over state law claims in the absence of viable federal claims and this case presents no exception. 28 U.S.C. § 1367(c)(3); *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (if court declines to exercise supplemental jurisdiction over state law claims once court dismissed federal claims, then the court should dismiss the state law claims without prejudice). As a result, the Court will recommend that Plaintiff's state law claims be dismissed without prejudice.

### III. Conclusion and Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's state law claims be dismissed, without prejudice; and

2. Plaintiff's federal claims be dismissed, with prejudice, as time barred.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 18, 2018**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE